# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**FANG WANG,**

    **Plaintiff,**

                              Civil Action 2:17-cv-86
    **v.**                                  Chief Judge Edmund A. Sargus, Jr.
                              Magistrate Judge Elizabeth P. Deavers

**HONDA LOGISTICS NORTH AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff Fang (Tiffany) Wang's Application to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the

fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income, and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Here, the information set forth in Plaintiff's *in forma pauperis* affidavit does not demonstrate her inability to pay. Rather, the affidavit demonstrates that she has significant assets and monthly income. Specifically, Plaintiff's affidavit reflects that she owns real estate valued at approximately $150,000 of which she has established $68,000 in equity. *See Cognetto v. Comm'r of Soc. Sec.*, No. 14-10006, 2014 WL 358465, at *1 (E.D. Mich Jan. 31, 2014) (noting that for purposes of evaluating an application to proceed *in forma pauperis* under § 1915(a), assets to be considered "include equity in real estate and automobiles"); *Hendricks v. Lew*, No. 2:14-cv-40, 2014 WL 505314, at *1 (S.D. Ohio Feb. 6, 2014) (denying application to proceed *in forma pauperis* under § 1915(a) where the applicant's affidavit reflected that her assets, including real property, appeared to exceed $100,000); *Azzun v. Kansas Dep't of Health & Environ.*, No. 09-4144-SAC, 2011 WL 13689, at *1–2 (D. Kan. Jan. 4, 2011) (denying *in forma pauperis* application even though the plaintiff had no income, basing denial, in part, upon the real estate equity available to the plaintiff). In addition, Plaintiff's affidavit reflects that in the prior year, her monthly earnings totaled $3,200.00, and her spouse's monthly earnings totaled $2,000.00, for a total household monthly income of $5,200.00 per month. *Levet v. Comm'r of Soc. Sec.*, No. 2014 WL 3508893, at *2 (S.D. Ohio July 14, 2014) (collecting cases for proposition that "federal courts have consistently considered [an applicant's] other financial resources, including resources that could be made available from the applicant's spouse, or other family members" (internal quotation marks and citation omitted)); *Reynolds v. Crawford*, No.

1:01–cv–877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) (collecting cases reflecting that "[t]he case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed in forma pauperis").  Although Plaintiff reports that as of January 2017, she was no longer employed, her spouse continues to earn $2,000.00 per month.  Even considering only her spouse's income places Plaintiff's household income at approximately 150% of the poverty level of income for a household of two.  *See Behmlander v. Comm'r of Soc. Sec.*, No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (denying motion to proceed *in forma pauperis* where the Plaintiff's income was more than twice the federal poverty level).

In sum, in view of Plaintiff's household income and her assets, the Undersigned finds that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for herself.  It is therefore **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED** and that she be ordered to pay the required $400 filing fee within **FOURTEEN (14) DAYS** if she intends to proceed.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: March 6, 2017                    /s/ *Elizabeth A. Preston Deavers*
                                       ELIZABETH A. PRESTON DEAVERS
                                       UNITED STATES MAGISTRATE JUDGE